FREDERICK W. KRAFT, RESPONDENT, v. MONTGOMERY H. DINGEE, APPELLANT.

*Bill of particulars — when a person alleging the loss of customers must furnish their names and addresses.*

In an action to recover damages to the amount of $10,000, arising upon a purchase of cod oil from the defendant, the plaintiff alleged injuries to buckskins tanned by him, by reason of the bad quality of the oil, and that he lost customers, "piano manufacturers to whom he had been accustomed to sell said skins, and who purchased the same to be used in their business of manufacturing pianos."

*Held*, that it was error to refuse to compel the plaintiff to furnish a bill of particulars stating the names and addresses of the piano manufacturers whose custom had been lost.

APPEAL from a portion of an order made at Special Term, upon a motion for a bill of particulars.

The plaintiff brought his action against the defendant to recover for damages growing out of the sale of cod oil, which he claims was not pure or as represented, and alleged that by reason thereof the entire stock of buckskins, in the tanning of which said oil was used, was lost by him, and became worthless and of no value whatever.

In the fifth paragraph of the complaint it is alleged "that not only was the entire stock of buckskins of the plaintiff, in the tanning of which said oil was used, lost by the plaintiff, but that he was injured in his credit, and by reason thereof was injured by being deprived of his customers, to wit, piano manufacturers, to whom he had been and was accustomed to sell said skins, and who purchased the same to be used in their business of manufacturing pianos;" and the plaintiff claimed that by reason of the premises he had sustained damage in the amount of $10,000.

A motion was made for a bill of particulars as to the goods damaged, and also the names and addresses of the piano manufac-

turers who were his customers and of whom he was deprived, as alleged in the complaint, and for other relief. The motion for the bill of particulars as to the extent of the damage to the skins was granted, but denied as to the portion providing for the names and addresses of the piano manufacturers who were the plaintiff's customers, and of whom he was deprived; and from that portion of the order denying the defendant's motion this appeal is taken.

*David McClure*, for the appellant.

*Close & Robertson*, for the respondent.

BARNARD, P. J.:

The defendant asks for nothing unreasonable. He sold some cod oil to be used in tanning buckskins. The sale price was $550. The plaintiff alleges an injury to the buckskins, by reason of the bad quality of the oil, and that he, among other injuries suffered thereby, lost customers — "piano manufacturers to whom he had been accustomed to sell said skins and who purchased the same to be used in their business of manufacturing pianos." The damage claimed is very large, $10,000.

Whether the customers left the plaintiff, and whether they did so by reason of the bad leather sold to them by the plaintiff, and whether the leather was tanned by the oil in question will probably all be questions for the jury. The defendant is entitled to this information so as to prepare for trial. If he waits until the names are produced on the trial, it will then be too late to make what might be considered a satisfactory inquiry into the facts. It is easy for the plaintiff to give the particulars asked for. If he has his account of loss made up sufficiently to put in a complaint, he must have the names and residences of the customers lost, through whom the loss was occasioned. When the claim is so large and it is uncertain how it is made up, it is only fair to inform the defendant of the particulars of the claim as asked for by him.

The part of the order appealed from is reversed, with costs and disbursements, and the motion granted.

PRATT, J., concurred; DYKMAN, J., not sitting.

Part of order appealed from reversed, with costs and disbursements, and motion granted.